In the

# United States Court of Appeals
## For the Seventh Circuit

No. 24-1404

MIKO THOMAS,

*Plaintiff-Appellant,*

*v.*

JBS GREEN BAY, INC.,

*Defendant-Appellee.*

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 23-C-861 — **William C. Griesbach**, *Judge.*

ARGUED OCTOBER 29, 2024 — DECIDED NOVEMBER 8, 2024

Before EASTERBROOK, JACKSON-AKIWUMI, and MALDONADO, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* In this suit under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e to §2000e–17, Miko Thomas contends that his employer, JBS Green Bay, discriminated against him on account of his color. His complaint alleges seven discriminatory acts or related sets of acts, of which we discuss three: (1) the employer delayed for three years his training on a particular machine; (2) the employer

denied his request for vacation time while granting equivalent requests by other workers; and (3) the employer transferred him to a different shift even though it knew that this caused him problems in raising a young child.

The district court dismissed the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim on which relief may be granted. 2023 U.S. Dist. LEXIS 219755 (E.D. Wis. Dec. 11, 2023). After Thomas amended the complaint, the district court dismissed the suit outright. 2024 U.S. Dist. LEXIS 48841 (E.D. Wis. Feb. 15, 2024). The judge saw two problems that ran through both complaints: first, the events of which Thomas complains are not sufficiently serious to be cognizable under Title VII; second, the complaints did not lay out every element or ingredient that Thomas eventually would need to prove. In other words, the judge demanded that the complaint include allegations corresponding to each component of the proof that Thomas would need to defeat a motion for summary judgment. Both aspects of the judge's decisions are mistaken.

Whether or not the first aspect (insufficient injury) reflected circuit law at the time, it has been overtaken by *Muldrow v. St. Louis*, 601 U.S. 346, 355 (2024), which says that a Title VII plaintiff "must show some harm respecting an identifiable term or condition of employment. What the [plaintiff] does not have to show, according to the relevant text, is that the harm incurred was 'significant.' Or serious, or substantial, or any similar adjective suggesting that the disadvantage to the employee must exceed a heightened bar" (cleaned up). Decisions requiring allegations of "significant" or "material" injury did not survive *Muldrow*.

Each of the three things we have mentioned entails "some harm". Deferred training can mean deferred promotions or

deferred raises. Denial of one's preferred vacation schedule can make the vacation less pleasant—not just because it may end up off-season at the destination but also because the goal of a vacation may be to see family members who will not be available at a different time. Title VII does not permit employers to confine that pleasure to workers of particular colors; it must distribute fringe benefits equally. Likewise with the third allegation: if the employer considers family circumstances when assigning shifts, it must do so without regard to color, because inability to care for a child is a deeply felt loss for all parents.

Demanding details about loss in the complaint—as opposed to the summary-judgment stage—also is a problem because complaints need not plead damages. Special damages yes, see Fed. R. Civ. P. 9(g), but ordinary injuries no. Prevailing parties receive the relief to which they are entitled, no matter what was in (or missing from) the complaint. Fed. R. Civ. P. 54(c). Complaints must allege *some* injury (otherwise the plaintiff lacks standing), but they need not narrate the *quantum* of injury. That's for a later stage.

The second aspect of the district court's decision—a demand that the complaint allege each element that the plaintiff eventually will need to prove—was contrary to law long before *Muldrow*. Matching facts to legal elements is the distinctive feature of code pleading, which was abrogated when the Rules of Civil Procedure introduced notice pleading. See, e.g., *Bartholet v. Reishauer A.G. (Zürich)*, 953 F.2d 1073 (7th Cir. 1992); *Chapman v. Yellow Cab Cooperative*, 875 F.3d 846 (7th Cir. 2017). We explained in *Chapman*:

> Ever since their adoption in 1938, the Federal Rules of Civil Procedure have required plaintiffs to plead *claims* rather than facts

corresponding to the elements of a legal theory. See Fed. R. Civ. P. 8. Old code-pleading and fact-pleading systems were abandoned. Because complaints need not identify the applicable law, it is manifestly inappropriate for a district court to demand that complaints contain all legal elements (or factors) plus facts corresponding to each.

It is enough to plead a plausible claim, after which "a plaintiff 'receives the benefit of imagination, so long as the hypotheses are consistent with the complaint'". A full description of the facts that will prove the plaintiff's claim comes later, at the summary-judgment stage or in the pretrial order.

875 F.3d at 848 (citations omitted). "Because racial discrimination in employment is 'a claim upon which relief can be granted', [such a] complaint [may] not be dismissed under Rule 12(b)(6). 'I was turned down for a job because of my race' is all a complaint has to say." *Bennett v. Schmidt*, 153 F.3d 516, 518 (7th Cir. 1998).

Any doubt about this was dispelled by *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002). A court of appeals held that Title VII complaints must allege facts establishing a prima facie case of discrimination: "(1) membership in a protected group; (2) qualification for the job in question; (3) an adverse employment action; and (4) circumstances that support an inference of discrimination", 534 U.S. at 510—in other words, must narrate all elements of a winning claim. The Justices replied that these elements set out an evidentiary standard, not a pleading rule. *Ibid*. They added: "This Court has never indicated that the requirements for establishing a prima facie case … also apply to the pleading standard that plaintiffs must satisfy in order to survive a motion to dismiss." *Id*. at 511. The Court wrapped up: "we hold that an employment discrimination plaintiff need not plead a prima facie case of discrimination". *Id*. at 515. Later cases about Rule 8 do not cast any

doubt on *Swierkiewicz*. See, e.g., *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1028 (7th Cir. 2013); *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404–05 (7th Cir. 2010).

Despite *Swierkiewicz*, the district court demanded that Thomas's complaint narrate facts corresponding to elements. For example, Thomas maintains that the conditions he encountered add up to a hostile work environment. The judge wrote that "[t]o state a hostile work environment claim, a plaintiff must allege that (1) he was subject to unwelcome harassment, (2) the harassment was based on his color, (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment, and (4) a basis exists for employer liability." 2024 U.S. Dist. LEXIS 48841 at *8–9. The district court's opinions contain similar lists addressing some of Thomas's other grievances. This is the exact requirement rejected by the Supreme Court in *Swierkiewicz*. That something must be proved (if plaintiff is to win) does not imply that it must be alleged in the complaint. Thomas's appellate brief relies on *Swierkiewicz*; the employer's brief does not so much as cite the case. The omission is telling.

To repeat what the Justices said: Lists of things that plaintiffs need to prove concern *evidence* (at summary judgment and trial); they must not be treated as demands for longer and more detailed pleadings. We appreciate that district judges may be impatient with suits that do not seem promising, because the judges doubt that plaintiffs will be able to marshal enough evidence to get to trial. But the time to demand evidence is the summary-judgment stage. All the complaint need do is state a grievance. Details and proofs come later.

This case must move to the summary-judgment stage and, if necessary, to trial. We have mentioned only some of Thomas's seven principal allegations; the others do not affect the sufficiency of the complaint. If they are deficient, they can be pared off on summary judgment. All we hold today is that this complaint states a claim for relief that survives a motion under Rule 12(b)(6).

REVERSED AND REMANDED